# State of Tennessee
## In the Circuit Court of Hamilton County

**MICHAEL BRIDGES, JR.**
Plaintiff

**CHATTEM CHEMICALS, INC.**
Defendant

No. 20C264
DIVISION ____
JURY DEMAND

## SUMMONS

TO: **CHATTEM CHEMICALS, INC**
Defendant

Serve thru Agent of Process:
**Corporation Services of America**
2908 Poston Avenue, Nashville, TN 37203
Address

FILED IN OFFICE 2020 FEB -8 PM 3:15 LARRY L. HENRY, CLERK BY CS

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this __13__ day of __February__ 20 __20__

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Larry L. Henry, Circuit Court Clerk

By ___C. Smith DC___
Deputy Circuit Court Clerk

Attorneys for Plaintiff **PATY, RYMER, & ULIN, P.C.,    P.C. Pamela R. O'Dwyer**

**19 Patten Parkway, Chattanooga, TN 37402**
Address

Plaintiff's Address  **Same as Attorney**

Received this _____ day of _____, 20 ___

/s/ _____
Deputy Sheriff

**EXHIBIT A**

# State of Tennessee,
### County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Larry L. Henry, Circuit Court Clerk

By_____DC

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On _____, 20 _____, I delivered a copy of the summons and complaint to the defendant, _____

☐ Failed to serve this summons within 30 days after its issuance because:

_____

**Sheriff**

_____

Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20 _____.

_____

Defendant

**Larry L. Henry**, Circuit Court Clerk

By _____D.C.

### Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and hunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items by seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## IN THE CIRCUIT COURT FOR HAMILTON COUNTY

| | | |
|---|---|---|
| MICHAEL BRIDGES, JR.<br>Plaintiff, | : | Case No.: 20C264 |
| V. | : | Division _____ |
| CHATTEM CHEMICALS, INC..<br>Defendant. | : | Jury Demand |

## COMPLAINT

Comes the Plaintiff, Michael Bridges, Jr., by and through counsel, and sues the Defendant, Chattem Chemicals, Inc., (hereinafter referred to as "Chattem" of "Defendant"), and for his cause of action, states:

### I. JURISDICTION

1.  Jurisdiction in this case is invoked for violation of the Tennessee Human Rights Act, TCA § 4-21-313 and the Tennessee Public Protection Act also known as the "Whistleblower" Act at TCA § 50-1-304, *et. seq.*

2.  Jurisdiction is also invoked for violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et. seq.*

3.  In addition the Plaintiff also relies on the Common Law of the State of Tennessee.

4.  Plaintiff, Michael Bridges, Jr., is and was at all times material herein, a citizen and resident of Bradley County, Tennessee.

5.  Defendant, Chattem, is a Delaware entity which engages in manufacturing operations in Hamilton County Tennessee, where Plaintiff was employed, and can be served through Corporation Services of America, 2908 Poston Avenue, Nashville, TN

37203.

6. Plaintiff was at all material times an employee of Defendant within the meaning of the THRA, TTP, FMLA.

7. The Defendant is an "employer" as defined by the FMLA and Retaliatory Discharge protection of T.C.A. § 50-1-304(B).

8. The acts complained of herein occurred primarily at Defendant's facilities, located at 3801 Saint Elmo Avenue in Hamilton County, Chattanooga, Tennessee, where the Plaintiff was assigned as a result of his employment.

## II. GENERAL ALLEGATIONS

9. Plaintiff was hired by Defendant, Chattem, during September of 2013, as a Chemical Operator at Defendant's facility in Hamilton County, Tennessee.

10. During Plaintiff's employment, he performed acceptably within the guidelines established by Defendant including but not limited to working a flexible schedule in compliance with the "team" system of providing coverage for the processing of the drugs being manufactured by two employees for each shift which was the method of directing his schedule by the employer before he requested FMLA leave.

11. Employees were provided a set of rules and employment duties that included the requirement that they comply with the Federal Regulations reporting requirements that are in place to protect the public from the risk of adulterated or otherwise dangerous medications and products for the life and health safety of the public.

12. Plaintiff's complaint to the same supervisor, Joseph Daniel Weeks, was specifically, that a co-worker, Jeffrey Giles, made changes to the logs to line out the

2

Plaintiff's name that evidenced when he worked on "a batch" on records made as required by the rules of his employment in accordance with the FDA regulations, which require the record to be kept and to be available for inspection by the FDA.

13. Though Plaintiff was afraid for his job security if he caused trouble if he reported a violation, he was duty bound and did make the report. The employee who altered the records was likely to be angry and the supervisor would not like to have any difficulty to resolve.

14. No investigation or action was taken on Plaintiff's report, which was his refusal to participate in illegal activity, and the handling of that report resulted in the behavior which formed the "pretext" for his firing on the claim that Plaintiff created a "hostile work environment". (See attached Exhibit A, Plaintiff's "termination notice")

15. The execution of his termination was done in such a way as to humiliate him and cause him embarrassment and emotional suffering for being wrongfully accused during meetings called for each shift of employees he worked with and, ultimately, into a meeting with the Chattem management with security and a legal representative outside the door, as if he was a danger to any person or the place of his employment.

### III. FACTS IN SUPPORT OF THE FMLA VIOLATION

16. During the course of Plaintiff's employment, his father developed a serious medical condition which required him to alter his schedule to accommodate the need to care for his father.

17. Plaintiff requested leave under the FMLA on the 18th day of May, 2017 and again on July 27, 2018 and received his Notice of Eligibility on August 21, 2018.

18. Defendant was made aware of Plaintiff's status protected by the FMLA, and the medical treatment, personal care and transportation he had to provide for his father's condition which required dialysis.

19. Plaintiff was terminated from his position after a supervisor, Joseph Daniel Weeks, questioned his work schedule in part, as a reaction to the complaint Plaintiff had made of the federal violation for alterations to safety logs kept as the record and reporting requirements in place to safeguard the public's health and safety.

20. Mr. Weeks demanded that Bridges alter his work schedule which was authorized by his FMLA status.

## IV. CAUSE OF ACTION

21. Plaintiff charges and alleges that Defendant's termination of Plaintiff was in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*

22. Plaintiff charges and alleges that Defendant's termination of Plaintiff was in violation of the Tennessee "Whistleblower" Act, T.C.A. § 50-1-304.

## V. DAMAGES UNDER THE FMLA

As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered lost wages, emotional pain, suffering, inconvenience, embarrassment, humiliation and general damages as allowed by the FMLA.

## VI. RELIEF SOUGHT AGAINST DEFENDANTS

**WHEREFORE,** Plaintiff Michael Bridges, Jr. prays that proper process issue and be served upon the Defendant in this action in the manner prescribed by law;

4

**WHEREFORE,** Plaintiff sues the Defendant for violation of his Whistleblower protection;

**WHEREFORE,** Plaintiff demands judgment against the Defendant for compensatory damages and for all damages as allowed by the FMLA, including, but not limited to, all reasonable attorney fees and all costs;

**WHEREFORE,** Plaintiff demands judgment against the Defendant for violations of his whistleblower protection afforded by and as appropriate;

**WHEREFORE** Plaintiff demands a jury to try all issues, when joined.

**Respectfully submitted,**

**PATY, RYMER AND ULIN P.C.**

By: /s/ Pamela R. O'Dwyer
Pamela R. O'Dwyer
BPR # 001455
Attorneys for Plaintiff
19 Patten Parkway
Chattanooga, TN 37402
(423) 756-6770

5

LAW OFFICES

*Paty Rymer and Ulin, P.C.*
19 PATTEN PARKWAY
CHATTANOOGA, TENNESSEE 37402-2297

**CERTIFIED MAIL**

7019 2280 0000 6270 1407

Corporation Services of America
2908 Poston Avenue
Nashville, TN 37203

37203-131208